```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA, for the use and
benefit of MMC CONTRACTORS NORTHEAST, INC.,         Case No. 21-cv-902 (PMH)(AEK)

                        Plaintiff,

        - v.-                                       STIPULATION AND ORDER
                                                    OF STAY PENDING
ARCH INSURANCE COMPANY and                          COMPLETION OF
STRUCTSURE PROJECTS, INC.                           ARBITRATION

                        Defendants.
------------------------------------------------------------------x
```

Plaintiff United States of America, for the use and benefit of MMC Contractors Northeast, Inc. ("MMC") and defendants Arch Insurance Company ("Arch") and StructSure Projects, Inc. ("StructSure"), by and through their attorneys of record, agree as follows:

WHEREAS, MMC commenced the instant action by the filling of a complaint on February 2, 2021, with service thereof on Defendants effected on February 8, 2021; and

WHEREAS, Defendants, through counsel, entered their appearances on March 9, 2021; and

WHEREAS, MMC seeks to recover alleged damages arising out of a subcontract between MMC and StructSure (the "Subcontract") in connection with renovations to the Keller Army Community Hospital in West Point, New York (the "Project"); and

WHEREAS, in connection with the Project and as required by 40 U.S.C. §§ 3131 *et seq.* (the "Miller Act"), Arch, as surety, and StructSure, as principal, executed and furnished Payment Bond SU1129538 (the "Bond"); and

WHEREAS, pursuant to the terms of the Subcontract, all claims between MMC and StructSure are subject to mandatory mediation followed by binding arbitration; and

WHEREAS, MMC and StructSure have recently commenced mediation proceedings, and should mediation fail to resolve the current dispute, MMC will move forward with binding arbitration against StructSure pursuant to the terms of the Subcontract; and

WHEREAS, MMC filed the above-captioned action to, *inter alia*, preserve its Miller Act claim as against ARCH, the surety on the payment bond,

IT IS HEREBY STIPULATED by the Parties hereto, subject to the approval of the Court, that:

1. In accordance with the terms of the Subcontract, the Parties stipulate and agree that this matter should be stayed pending the completion of mediation and, if necessary, arbitration proceedings;

2. the stay should remain in effect up to and terminate thirty (30) days after an arbitration award has been issued; and

3. neither of the Defendants shall be required to answer or otherwise respond to the Complaint until after the stay has been terminated.

| | |
|---|---|
| CATANIA, MAHON & RIDER, PLLC<br>Attorneys for Plaintiff<br>One Corwin Court – P.O. Box 1479<br>Newburgh, NY 12550<br>(845)-565-1100 | CHIESA SHAHINIAN & GIANTOMASI, PC<br>Attorneys for Defendants<br>11 Times Square – 34th Floor<br>New York, NY 10036<br>(212) 973-0572 |
| By /s/ Michael Catania<br>    MICHAEL E. CATANIA | By: /s/ Jonathan Bondy<br>    JONATHAN BONDY |

The Clerk of Court is instructed to administratively close this case, without prejudice to either party moving by letter to reopen the case within thirty days of the conclusion of the arbitration proceedings. *See Zimmerman v. UBS AG*, 2018 WL 4054860, at *6 (S.D.N.Y. Aug. 24, 2018), *appeal dismissed*, 789 F. App'x 914, 915-17 (2d Cir. 2020) (summary order) ("The district court's administrative closure of the case does not constitute a final decision: there is no jurisdictional significance to [a] docket entry marking [a] case as 'closed,' which we will assume was made for administrative or statistical convenience.").

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated: White Plains, New York
       March 10, 2021